IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES H.G., )
on his own behalf and as next )
friend for J.A. and J.E., minor )
children, )
 )
        Plaintiffs, )
 ) No. 05 C 0673
    v. )
 )
CITY OF CHICAGO, )
STATE OF ILLINOIS, )
 )
        Defendants. )

MEMORANDUM OPINION & ORDER

James Garner ("Garner")[1] has filed a self-prepared Complaint (with a number of attached exhibits) against the City of Chicago ("City") and State of Illinois ("State"), charging that various City personnel have engaged in misconduct that he claims violated the constitutional rights of Garner and two minor children (for whom he seeks to act as their next friend). Because the Complaint provides ample proof of the aphorism that "a little learning is a dangerous thing,"[2] this memorandum opinion and order is issued sua sponte to identify the fatal difficulties that appear on the face of the Complaint.

---

[1] Although Garner has signed the Complaint using his full name, and although his name is also revealed in many of the Complaint exhibits, he has chosen to list himself in the case caption as "James H.G." Does he mistakenly hope to achieve anonymity by using the abbreviated designation in the caption, when he has simultaneously revealed his identity elsewhere?

[2] Alexander Pope, Essay on Criticism pt. II, line 15.

At the outset it should be said that this Court accepts as true for present purposes what the Complaint labels as "Facts Upon Which Claims are Based," as set out in Complaint ¶¶ 7 through 29. Such acceptance neither makes nor implies any finding as to the accuracy of Garner's allegations -- instead it simply sets the framework against which the legal adequacy or inadequacy of the Complaint must be tested.

It is clear that Garner's proposed entry into the federal courthouse must come through the analytical door marked "Section 1983" (42 U.S.C. § 1983) or not at all -- indeed, his Complaint at ¶ 4 says just that. But the State must be dismissed as a defendant in Counts I through V in those terms, for Will v. Mich. Dep't of State Police, 491 U.S.C. 58 (1989) teaches that a State is not a "person" suable under that statute. And as for the state law claims that are set out in Counts VI through XIII, the State's sovereign immunity insulates it from suit.[3] So the State must be, and it is hereby, dismissed from this action entirely.

As for the City, its potential Section 1983 liability is limited to the concepts identified in the seminal decision in Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-95 (1978) -- notions of respondeat superior simply will not suffice for that purpose. In those terms, only the allegations of Complaint ¶ 32

---

[3]No view is expressed here as to the State's possible suability on those claims in the Illinois Court of Claims.

2

(incorporated by reference into all of the Section 1983 claims advanced in Counts I through V) can potentially fill the bill: It alleges the City's failure to train, supervise and discipline its police officers. All of the other allegations set out actions by individuals that, as already said, could be ascribed to the City only on impermissible respondeat superior grounds.

But as to the City's claimed failure to train and the like, Garner runs afoul of the principles enunciated in City of Canton v. Harris, 489 U.S. 378 (1989). After the Court stated at the outset of its analysis "that there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983" (id. at 387), the Court elaborated (id. at 388-89, footnotes omitted):

> We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact. This rule is most consistent with our admonition in Monell, 436 U.S., at 694, and Polk County v. Dodson, 454 U.S. 312, 326 (1981), that a municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983. As Justice Brennan's opinion in Pembaur v. Cincinnati, 475 U.S. 469, 483-484 (1986) (plurality) put it: "[M]unicipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers. See also Oklahoma City v. Tuttle, 471 U.S., 15 823 (opinion of Rehnquist, J.). Only where a failure to train reflects

3

> a "deliberate" or "conscious" choice by a municipality
> -- a "policy" as defined by our prior cases -- can a
> city be liable for such a failure under § 1983.

Here, to be sure, Complaint ¶ 32.a. does parrot the words "deliberate indifference," while other subparagraphs in Complaint ¶ 32 purport to be grounded in "policy and practice." But those assertions demonstrate nothing more than Garner's apparently having read the cases and knowing what formulaic language to insert, or perhaps having had access to some form books. When Garner's factual allegations at Complaint ¶¶ 7 through 29 are reviewed instead (and, as already stated, are accepted as true), they themselves negate the necessary casual nexus between any asserted failures on the part of the City and the specific conduct to which Garner and his children were subjected.

Accordingly, Counts I through V fail at the threshold as to the City as well. And although the remaining state law claims against the City (Counts VI through XIII) are not barred by sovereign immunity, as is the case with the State, they will not be retained in this District Court in the absence of a federal-question anchor to secure them here. They are therefore dismissed too, but without prejudice to their possible assertion in a state court of competent jurisdiction.[4]

---

[4] This Court expresses no view as to the substantive viability of any or all of those claims.

4

In sum, this action is dismissed in its entirety. Garner remains free to pursue his asserted state law claims against the City, and perhaps against the State, elsewhere.

                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Entered:   February 8, 2005

G:\WPTEXT\JamesGarner1.wpd